**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

HD

Rcv'd by: em

USDC-GREENBELT
'26 SEP 10 AM10:05

| | | |
|---|---|---|
| **ROBIN K. FICKER,**<br>**16711 Barnesville Road**<br>**Boyds, Maryland 20841,**<br><br>**Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 26-CV-** 3583 CDA |
| **CITY OF GAITHERSBURG, MD,**<br>**Frank Johnson, Esq.**<br>**City Attorney**<br>**Office of the City Attorney**<br>**City Hall**<br>**31 South Summit Avenue**<br>**Gaithersburg, Maryland 20877,**<br><br>**Defendant.** | ) | **COMPLAINT** |

Plaintiff Robin K. Ficker, proceeding pro se, hereby files this Complaint against the City of Gaithersburg, Maryland, and alleges and states:

## NATURE OF THE ACTION

1. This is an action brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202 for an order declaring that certain provisions of the Gaithersburg City Zoning Ordinance interfere with and unlawfully restrict Plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution to promote his campaign to represent the Sixth Congressional District of Maryland in the U.S. House of Representatives and enjoining the City of Gaithersburg from enforcing the unconstitutional provisions of its

Zoning Ordinance, that is (1) Gaithersburg City Code § 24-8.6(A)[1], requiring a city-issued permit before erecting a sign within the City, (2) Gaithersburg City Code § 24-8.18(B) (Table), limiting the size of a free-standing temporary sign to a surface area of no more than 12 square feet, and (3) Gaithersburg City Code § 24-8.18(B) (Table), limiting the period within which free-standing temporary signs can be displayed on private property to 90 days in any 12-month period.

## JURISDICTION AND VENUE

2. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4. Plaintiff Robin K. Ficker resides at 16711 Barnesville Road, Boyds, Maryland 20841. He is a lifelong resident of Montgomery County and the duly-nominated Republican candidate for Congress in the Sixth Congressional District of Maryland in the general election to be held on November 3, 2026.

---

[1] The Code of the City of Gaithersburg, Maryland can be found at https://library.municode.com/md/gaithersburg/codes/code_of_ordinances.

5. Defendant City of Gaithersburg is a body corporate and a chartered city government in the State of Maryland, doing business in and having its principal place of business in Gaithersburg, Maryland.

**FACTS**

6. At a primary election held on June 23, 2026, Plaintiff was nominated as the Republican candidate for Congress in the Sixth Congressional District of Maryland in the election to be held on November 3, 2026.

7. During the campaign for the primary, in April of 2026, Plaintiff distributed campaign signs to various supporters, including property owners, renters, and businesses throughout the Sixth Congressional District of Maryland, including residents and business owners of the City of Gaithersburg.

8. Plaintiff focused the distribution of his campaign signs in the City of Gaithersburg on supporters residing on Maryland Route 355, also known as North Frederick Avenue and South Frederick Avenue, the main north-south business corridor in the City of Gaithersburg, in an effort to get his campaign message out to the many residents of Maryland's Sixth Congressional District who travel this busy route.

9. Among the supporters to whom Plaintiff distributed a campaign sign was Fitzgerald Auto Mall/Fitzgerald's Lakeforest Motors, Inc., located at 909 North Frederick Avenue.

10. After placing one of Plaintiff's campaign signs on its property, on May 11, 2026, Fitzgerald Auto Mall/Fitzgerald's Lakeforest Motors, Inc., received an Official Notice to Correct Violation from the Neighborhood Services Division of the City of Gaithersburg, a copy of which is attached as Exhibit A.

11. The Official Notice to Correct Violation advised Fitzgerald Auto Mall/Fitzgerald's Lakeforest Motors, Inc., that it was in violation of Gaithersburg City Code § 24-8.6(A), which makes it "unlawful for any person to post, display, structurally alter, install, or erect a sign in the city without first having obtained a sign permit pursuant to this section."

12. As Corrective Action, the Official Notice to Correct Violation advised Fitzgerald Auto Mall/Fitzgerald's Lakeforest Motors, Inc. to "[r]emove 'Robin Ficker' sign displayed on the exterior property" by May 12, 2026, *i.e.*, the date immediately following issuance of the Official Notice to Correct Violation. *See* Exhibit A.

13. The Official Notice to Correct Violation further advised Fitzgerald Auto Mall/Fitzgerald's Lakeforest Motors, Inc.:

> Pursuant to Gaithersburg City Code Chapter 24-8.18, freestanding temporary signage is limited to the following:
>
> - Count per Property (Max.): 1 per 2 acres or portion thereof
> - Surface Area per sign (Max.): 12 square feet
> - Height of Sign Top Edge (Max.): 8 feet
> - Display Duration (Max.): 90 days in any one 12-month period
> - Allowed Illumination: None

*See* Exhibit A.

14. Plaintiff's campaign signs measure four feet by eight feet and the surface area is thirty-two square feet.

15. The period between the start of the campaign for the primary election, which was held in June 2026, and the general election, which will be held in November 2026, exceeds 90 days in any one-year period.

16. A City-issued sign permit can be obtained by submitting an online application. Required application materials include: "sign drawings, including elevations and measurements showing the proposed sign location," "a site plan or building elevations identifying where the sign will be placed," and a "Property Owner Approval Letter." *See* https://www.gaithersburgmd.gov/services/permitting-inspections/general-permits/sign-permits (last visited September 1, 2026).

17. A sign permit application must only be approved if all applicable signage standards are met. *See* Gaithersburg City Code § 24-8.6(C)(1).

18. According to the City of Gaithersburg Fee Schedule – FY27, a copy of which is attached as Exhibit B, the fee for installation of a temporary sign includes an application fee of $1.75 per square foot, with a $55 minimum; an initial inspection of a site or property where work is proceeding without permit fee of $250; and an automation fee of 10% of all application and permit fees. *See* Exhibit B at p. 10.

19. The $55 minimum application fee is more than twice $21, which is the product of $1.75 x 12 square feet, using the formula set forth in the fee schedule on the maximum surface area for free-standing temporary signs permitted by Gaithersburg City Code § 24-8.18(B) (Table).

20. If an application for a sign permit is denied, the applicant can appeal to the board of appeals. *See* Gaithersburg City Code § 24-8.6(F).

21. The cost of an administrative appeal for a resident of the affected property is $265. *See* Exhibit B at p. 15.

22. Pursuant to Gaithersburg City Code § 24-8.7(A), a person may apply for a minor waiver of signage standards by applying to the Planning Commission. *See* Gaithersburg City Code § 24-12.6(K).

23. "[T]he Planning Commission may grant a minor waiver to approve a sign that deviates from the regulatory requirements of article 8, Signage Standards, upon finding that:

> (a) Such deviation will not have an adverse impact on the health, safety, and general welfare of the city, its residents and businesses, the public, and the surrounding properties; and
>
> (b) Such deviation will not be a hazard to traffic, vehicles, or pedestrians; and

(c) Such deviation is necessary due to location, obstructions, or other factors that adversely impact the visibility of the sign; and

(d) Such deviation is in conformance with the purposes of article 8, Signage Standards.

Gaithersburg City Code § 24-8.7(A)(1).

24. The fee to apply for a minor sign waiver is $250. *See* Exhibit B at p. 10.

25. On information and belief, Fitzgerald Auto Mall/Fitzgerald's Lakeforest Motors, Inc. took down its "Robin Ficker" campaign sign because it was easier and less costly to comply with the order than to apply for a sign permit or a minor sign waiver.

26. On information and belief, other jurisdictions in the Sixth Congressional District of Maryland, including Montgomery, Frederick, Allegany, Washington, and Garrett Counties and the Cities of Frederick and Cumberland, do not require a permit for the erection of political signs during a political campaign.

## CAUSES OF ACTION

## COUNT I

27. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Defendant's permit requirement, as applied to political signs on private property, burdens Plaintiff's First and Fourteenth Amendment rights as a candidate for public office to express his political views and obtain name recognition as a nonincumbent.

29. Defendant's permit requirement, as applied to political signs on private property, is not a reasonable time, place, or manner restriction on protected political speech.

30. Defendant's permit requirement, as applied to political signs on private property, violates Plaintiff's rights guaranteed to him by the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983, causing harm to Plaintiff.

**COUNT II**

31. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Defendant's requirement limiting the surface area of free-standing temporary signs to 12 square feet, as applied to political signs on private property, burdens Plaintiff's First and Fourteenth Amendment rights as a candidate for public office to express his political views and obtain name recognition as a nonincumbent.

33. Defendant's requirement limiting the surface area of free-standing temporary signs to 12 square feet, as applied to political signs on private property, is not a reasonable time, place, or manner restriction on protected political speech.

34. Defendant's requirement limiting the surface area of free-standing temporary signs to 12 square feet, as applied to political signs on private property, violates Plaintiff's

rights guaranteed to him by the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983, causing harm to Plaintiff.

**COUNT III**

35. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Defendant's durational limit on free-standing temporary signs, as applied to political signs on private property, burdens Plaintiff's First and Fourteenth Amendment rights as a candidate for public office to express his political views and to obtain name recognition as a nonincumbent.

37. Defendant's durational limit on free-standing temporary signs, as applied to political signs on private property, is not a reasonable time, place, or manner restriction on protected political speech.

38. Defendant's durational limit on free-standing temporary signs, as applied to political signs on private property, violates Plaintiff's rights guaranteed to him by the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

WHEREFORE Plaintiff respectfully requests that this Court:

a. Declare that the following provisions of the Gaithersburg City Code violate the First and Fourteenth Amendments to the U.S. Constitution as applied to political signs on private property:

i. Gaithersburg City Code § 24-8.6(A), requiring a city-issued permit before erecting a sign within the City;

ii. Gaithersburg City Code § 24-8.18(B) (Table), limiting the size of a free-standing temporary sign to a surface area of no more than 12 square feet; and

iii. Gaithersburg City Code § 24-8.18(B) (Table), limiting the period within which free-standing temporary signs can be displayed on private property to 90 days in any 12-month period;

b. Enjoin Defendant from enforcing the aforementioned provisions of the Gaithersburg City Code with regard to political signs on private property;

c. Award Plaintiff his costs of bringing suit; and

d. Grant such other and further relief as is just and proper.

Dated: 10 September 10 2026

Respectfully submitted,

Robin K. Ficker, pro se
16711 Barnesville Road
Boyds, Maryland 20841
Telephone: (301) 652-1500
Email: robinficker@msn.com

Prepared by:

Joseph E. Stolz, Esquire
Federal Bar No. 05509
215 Grove Avenue
Washington Grove, MD 20880
240-481-5141

Telephone: (240) 481-5141
Email: jstolz123law@aol.com