# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0637
MDD_DLBChambers@mdd.uscourts.gov

September 14, 2026

**LETTER ORDER**

RE: *Ficker v. City of Gaithersburg*
DLB-26-3583

Dear Mr. Ficker:

The Court received your complaint against the City of Gaithersburg (the "City"), ECF 1, and your motion for a temporary restraining order and preliminary injunction, ECF 3. In your complaint, you allege that "certain provisions of the Gaithersburg City Zoning Ordinance interfere with and unlawfully restrict Plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution to promote his campaign to represent the Sixth Congressional District of Maryland in the U.S. House of Representatives." ECF 1, at 1. In your motion for a temporary restraining order and preliminary injunction, you ask the Court to enjoin the City "from enforcing [three identified] Ordinance provisions with respect to political signs until such time as the Court has decided the motion for Preliminary Injunction" and then to continue to enjoin enforcement "pending a final ruling on the merits." ECF 3, at 1.

Temporary restraining orders ("TRO") and preliminary injunctions serve to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003). Before the Court may consider your request for a preliminary injunction, you must serve notice of the motion on the City. Fed. R. Civ. P. 65(b)(1); *see* Fed. R. Civ. P. 65(a)(1). There is no proof on the docket that the City received notice of the motion.

If you are seeking a TRO, the rules are different. You need not necessarily give the City notice of the motion, but you must "certif[y] in writing any efforts made to give notice and the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1)(B). Additionally, you must "clearly show" by "specific facts in an affidavit or verified complaint" that "immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). You have not complied with either of these requirements. You have not certified that you made any effort to notify the City, and you have not shown why notice should not be required or why irreparable injury will occur before the City can respond to the motion. *See* Fed. R. Civ. P. 65(b)(1)(A).

Your motion for a TRO and preliminary injunction, ECF 3, is denied without prejudice. If you renew your motion, you must comply with the requirements of Rule 65 of the Federal Rules of Civil Procedure.

Although informal, this letter is an Order of the Court and shall be docketed as such.

Sincerely,

Deborah L. Boardman
United States District Judge